IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEROY GIBSON, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2:20-cv-1419 |
| | ) |
| v. | ) Magistrate Judge Patricia L. Dodge |
| | ) |
| SUPER. M. ADAMS and | ) |
| SEC OF CORRECTIONS JOHN E. WETZEL, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM ORDER**[1]

Leroy Gibson ("Plaintiff") is a state prisoner in the custody of the Pennsylvania Department of Corrections ("DOC") and housed at SCI Mercer. He is proceeding *pro se* in this civil action.

In the Amended Complaint (ECF No. 15), which is the operative pleading, Plaintiff names as defendants DOC Secretary John Wetzel and SCI Mercer Superintendent M. Adams (collectively, "Defendants"). He alleges that he contracted COVID-19 at SCI Mercer in September 2020. He further alleges that he was housed in an "open dorm" style unit along with over 120 other inmates. According the Plaintiff, after he tested positive for COVID-19, he was transferred to a quarantine unit with others who also tested positive and relevant protocols were not followed. (ECF No. 15, ¶¶ 1, 5, 13, 22, 27.) Plaintiff claims that Defendants were deliberately indifferent to his health and safety needs in violation of his Eighth Amendment rights and also were negligent. (*Id.*, ¶¶ 22, 27.)

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), Plaintiff and Defendants have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings in this case. (ECF Nos. 9, 30.)

Pending before the Court are two motions for a temporary restraining order and/or preliminary injunction filed by Plaintiff in which he seeks an order from this Court directing that Defendants, DOC staff, and SCI Mercer staff refrain from retaliating against him for filing this civil action. (ECF Nos. 16, 26); (*see also* ECF No. 43 (corrective entry containing page 2 of the motion docketed at ECF No. 26.) In support of his request for immediate injunctive relief, Plaintiff contends that he has been denied access to the law library and that Defendant Adams and her staff—specifically Unit Manager Combaine and Counselor Buchanan—"retaliate against anyone who complains about anything that's not right which goes on here in SCI Mercer." (ECF No. 16 at 1-2.) He further asserts that staff at SCI Mercer, and specifically Counselor Buchanan, have threatened him and are subjecting him to discrimination based upon his race. (ECF No. 26 at 1-2.)

It is well established that temporary or preliminary injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *American Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)). In evaluating a movant's request for a temporary restraining order or preliminary injunctive relief, courts employ the familiar four-factor balancing test. *Reilly v. City of Harrisburg*, 858 F.3d 173, 176-79 (3d Cir. 2017). That test requires that the movant demonstrate a reasonable probability of eventual success in the litigation, and that it is more likely than not that he will suffer irreparable injury in the absence of immediate injunctive relief. *Id.* The remaining two factors are the possibility of harm to other interested persons from the grant or denial of the injunction, and the public interest. *Id.* If the movant meets his burden with respect to the first two factors, which are the "most critical[,]" "a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken

together, balance in favor of granting the requested preliminary relief." *Id.* at 179.

Importantly, the above-cited factors are relevant only if the movant's request for immediate injunctive relief is being sought for its proper purpose, which is to maintain the status quo to avoid the likelihood of irreparable injury before a decision on the merits of the complaint can be rendered. *See*, *e.g.*, *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 22 (2008). By contrast, injunctive relief is not an appropriate means by which to raise and litigate new claims, either against a named defendant or a third party. Moreover, there must be "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (finding that because plaintiff's motion raised issues entirely different from those presented in his complaint, his allegations could not provide the basis for a preliminary injunction); *see also Braithwaite v. Phelps*, 602 F. App'x 847, 849 (3d Cir. 2015); *Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010).

Here, the allegations Plaintiff raises in his motions are premised upon retaliation and discrimination claims that are not related to the claims he brought in the Amended Complaint. Additionally, aside from Defendant Adams, the allegations involve individuals (Counselor Buchanan and Unit Manager Combaine) who are not defendants to this lawsuit. Therefore, Plaintiff's motions are not, in fact, proper motions for a temporary restraining order or preliminary injunctive relief. *See, e.g., Brathwaite*, 602 F. App'x at 849 ("Because the preliminary injunction motion dealt with claims and actions by prison employees unrelated to the suit at that time, the District Court appropriately held that Brathwaite could not establish any right to injunctive relief.")

Plaintiff cannot avoid the requirements of the Prison Litigation Reform Act and the joinder requirements of Rule 20 of the Federal Rules of Civil Procedure by styling his motion as one for

injunctive relief when he is actually bringing new claims of misconduct against either a defendant or another individual working at SCI Mercer. Moreover, he cannot utilize such a motion in an attempt to make the Court the overseer of the day-to-day management of the prison system, including his access to the law library, or to manage future controversies between him and the defendants or persons who work with them. If Plaintiff wants to pursue claims based upon the allegations he raises in motions, he is reminded that under 42 U.S.C. § 1997e(a), he must first fully exhaust all available administrative remedies before pursuing a civil rights complaint concerning prison conditions.

For the forgoing reasons, Plaintiff's motions (ECF Nos. 16, 26) are DENIED because they improperly seek immediate injunctive relief on impermissible and inappropriate bases.

SO ORDERED this 30th day of March, 2021

/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge